UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT LEE HONG,

    Plaintiff,

v.                                                            Case No. 4:20cv62-MW-HTC

MARK INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. ECF Doc 1. The complaint is now before the Court for preliminary screening under 28 U.S.C. § 1915A. For the reasons which follow, the undersigned respectfully recommends that this action be dismissed as malicious for abuse of the judicial process. Specifically, Plaintiff failed to disclose at least two (2) prior cases and one (1) prior appeal he had filed, all of which have been dismissed.

Plaintiff's complaint was filed on the Court's official form for § 1983 actions by prisoners. ECF Doc. 1. At the end of the complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT,**

**INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." *Id.* at 21 (emphasis in original).  Despite that declaration, Plaintiff made several false representations on the complaint form.

Section IV of the civil rights complaint form, titled Previous Lawsuits, asks: "C. Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (**including habeas corpus petitions**) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 5 (emphasis added).  The form requires Plaintiff to identify and describe any cases responsive to the questions.

Plaintiff checked "Yes" in response to the first question and identified one (1) case he initiated, *Hong v. McNeil, et al.*, Case No. 4:10cv155-SPM-WCS (N.D. Fla. 2010), and checked "No" in response to the second question.  Thus, Plaintiff swore that, at the time he delivered his complaint to prison officials on February 3, 2020, he had filed only one (1) federal case related to the fact or manner of his incarceration and had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service.

Plaintiff's representations to the Court, however, were not truthful or accurate. To the contrary, at the time Plaintiff filed his complaint, Plaintiff had filed at least two (2) habeas cases (and an appeal of a habeas case), all of which had been dismissed and none of which were disclosed.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint, he had filed under his name and Florida Department of Corrections ("FDOC") registration number, O-168226,[1] the following cases, which he failed to disclose to the Court:

> *Hong v. Sec'y, Fla. Dep't of Corr., Fla. Att'y Gen'l*, 5:07cv374 (M.D. of Fla.), consolidated with *Hong v. Sec'y, Fla. Dep't of Corr.*, 3:07cv846 (M.D. of Fla.) and *Hong v. McDonough*, 1:07cv147 (N.D. of Fla.) (habeas petition dismissed with prejudice on 3/15/11 because none of the petitioner's grounds for relief had any merit)
>
> *Hong v. Sec'y, Fla. Dep't of Corr., Fla. Att'y Gen'l*, 0:11stp13728 (11th Cir.) (affirmed decision of district court in 5:07cv374 on 6/14/12

---

[1] In case number 5:07cv374, Plaintiff's registration number is listed as 168226. The FDOC's website lists Plaintiff's registration number as 168226 as well. *See* http://www.dc.State.fl.us/offenderSearch/detail.aspx? Page=Detail&DCNumber=168226&TypeSearch=AI.

Case No. 4:20cv62-MW-HTC

because the state court's decisions to reject Petitioner's ineffective assistance of counsel and Eighth Amendment claims were not contrary to, or an unreasonable application of, federal law)

*Hong v. United States, et al.*, 2:14cv707 (M.D. of Fla.) (habeas petition dismissed without prejudice on 12/8/14 for failure to receive permission from the Eleventh Circuit to file a second or successive habeas petition and civil rights claims dismissed because they could not be adjudicated in a habeas petition)

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] ECF Doc 1 at 4 (emphasis in original). If Plaintiff suffered no penalty for his untruthful

---

[2] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 4:20cv62-MW-HTC

responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (dismissal without prejudice warranted for failure to disclose prior habeas corpus actions filed in district court); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) as malicious for Plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 24th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:20cv62-MW-HTC